IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**JOE FORCE**                                                                                                                            **PLAINTIFF**

v.                                            Case No. 4:20-cv-00089 KGB

**FARM BUREAU MUTUAL INSURANCE
COMPANY OF ARKANSAS, INC.
 and SEBASTIAN COUNTY FARM BUREAU**                                              **DEFENDANTS**

**OPINION AND ORDER**

Plaintiff Joe Force brings claims against defendants Farm Bureau Mutual Insurance Company of Arkansas, Inc. ("FBMICA"), and Sebastian County Farm Bureau ("SCFB") (collectively, defendants), alleging discrimination on the basis of age under the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. § 621 *et seq.* ("ADEA"). FBMICA and SCFB each filed motions for summary judgment (Dkt. Nos. 10; 14). Mr. Force responded in opposition to each motion (Dkt. Nos. 19; 23). Defendants replied (Dkt. Nos. 22; 25). For the following reasons, the Court grants the motions filed by FBMICA and SCFB (Dkt. Nos. 10; 14). A separate judgment will be entered in favor of FBMICA and SCFB; the relief requested is denied.

**I.   Overview**

The claims in this case arise out of the termination of an agreement between FBMICA and Force, Inc., an Arkansas corporation. Force, Inc., is an Arkansas for-profit corporation of which Mr. Force is the sole shareholder and president. There was no separate employment agreement or contract between FBMICA and Mr. Force, which Mr. Force admits.

FBMICA asserts that it is entitled to summary judgment in its favor on Mr. Force's ADEA claim because Force, Inc., is not an individual within the meaning of the ADEA; there is no

evidence that FBMICA was Mr. Force's employer for purposes of the ADEA at the time the contract was terminated; and even if Mr. Force could state a claim under the ADEA based on a contract with a separate corporate entity, there is no evidence of age discrimination by FBMICA (Dkt. No. 14).

SCFB asserts that Force, Inc., was contracted with FBMICA as FBMICA's agency manager for Sebastian County and that SCFB had no contract with Force, Inc., or Mr. Force.  SCFB asserts that it is entitled to summary judgment in its favor on Mr. Force's ADEA claim because Mr. Force was not an individual employed by SCFB within the meaning of the ADEA; SCFB only had four employees at all relevant times so did not qualify as an employer within the meaning of the ADEA; and even if Mr. Force could properly bring a claim against SCFB under the ADEA, there is no evidence of age discrimination by SCFB (Dkt. No. 10).

For purposes of resolving these motions only, the Court assumes without deciding that Mr. Force is an appropriate plaintiff to bring an ADEA claim and that FBMICA and SCFB are appropriate defendants under the ADEA against whom Mr. Force may bring such claims.  The parties devote substantial time to arguing about the law and factual record that control those determinations.  The Court determines that it need not resolve those issues to resolve the pending motions.  Assuming without deciding that Mr. Force may bring ADEA claims against FBMICA and SCFB, for the following reasons, FBMICA and SCFB are entitled to summary judgment on Mr. Force's ADEA claims based on the record evidence before the Court, even with all reasonable inferences draw in favor of Mr. Force.

## II.     Factual Background

The Court relies upon the statement of undisputed facts filed by FBMICA and Mr. Force's response to that statement (Dkt. Nos. 12; 20), as well as the statement of undisputed facts filed by SCFB and Mr. Force's response to that statement (Dkt. Nos. 16; 24).

FBMICA is an Arkansas insurance company registered and authorized to do business in the State of Arkansas (Dkt. No. 24, ¶ 1). Effective January 1, 2018, FBMICA entered into an Incorporated Agency Agreement with Force, Inc. (Dkt. Nos. 12, ¶¶ 4-5; 20, ¶¶ 4-5; 24, ¶ 2). Force, Inc., is an Arkansas for-profit corporation of which Mr. Force is the sole shareholder and president (Dkt. No. 24, ¶ 2). There was no separate employment agreement or contract between FBMICA and Mr. Force, which Mr. Force admits (Dkt. No. 24, ¶ 3).

SCFB asserts that it is an Arkansas non-profit corporation engaged in the advocacy of farming, agribusiness, and rural interests in Sebastian County, Arkansas (Dkt. No. 12, ¶ 1). Further, SCFB maintains that it has four employees and that Mr. Force was not one of them (Dkt. No. 12, ¶ 1). SCFB maintains that it never employed Mr. Force (Dkt. No. 12, ¶ 3). SCFB asserts that the individuals employed by the sales department of FBMICA do not work for SCFB (Dkt. No. 12, ¶ 2). Mr. Force denies all of these allegations and claims that SCFB was his "joint employer" with FBMICA (Dkt. No. 20, ¶¶ 1-3).

All parties agree that Force, Inc.'s contract with FBMICA stated that Force, Inc., was an independent contractor (Dkt. Nos. 20, ¶ 5; 24, ¶ 6). FBMICA contends that Mr. Force conceded that he operated Force, Inc., as an independent contractor of FBMICA and that Mr. Force was not employed by FBMICA (Dkt. No. 16, ¶¶ 4-5). Mr. Force denies these allegations, maintaining defendants were "joint employers" of Mr. Force (Dkt. No. 24, ¶¶ 4-5).

Mr. Force asserts that the conduct of the parties, not the contract between FBMICA and Force, Inc., established the status of Mr. Force (Dkt. Nos. 20, ¶ 3; 24, ¶ 3). According to Mr. Force, FBMICA was Mr. Force's "joint employer" with SCFB (Dkt. Nos. 20, ¶¶ 1, 3; 24, ¶ 3). FBMICA and SCFB deny this allegation.

All parties agree that Force, Inc.'s independent contractor agency manager contract with FBMICA was terminated by FBMICA in May 2019 (Dkt. Nos. 20, ¶ 8; 24, ¶ 7). All parties agree that, before FBMICA terminated Force, Inc.'s contract with FBMICA, Mr. Force was investigated by FBMICA for misconduct (Dkt. Nos. 20, ¶ 9; 24, ¶ 8). All parties also agree that, after the initial investigation of Mr. Force by FBMICA, FBMICA received additional information related to misconduct by Mr. Force (Dkt. No. 24, ¶ 9; *see also* Dkt. No. 20, ¶ 10).

SCFB contends the investigation by FBMICA was for harassment, but Mr. Force denies this allegation (Dkt. No. 20, ¶ 9). According to SCFB, this additional information was presented to SCFB Board President Lynn Strang regarding Mr. Force's alleged improper conduct that was passed onto FBMICA's management (Dkt. No. 12, ¶ 10).

FBMICA asserts that Mr. Force's age was not a factor in the termination of the contract between FBMICA and Force, Inc. (Dkt. No. 16, ¶ 10). SCFB maintains that Mr. Force has no evidence that his contract with FBMICA was terminated based on his age or that he was discriminated against based on his age (Dkt. No. 12, ¶ 10). Mr. Force denies this and maintains that he was terminated for his age (Dkt. Nos. 20, ¶ 10; 24, ¶ 10). According to FBMICA, there is no evidence that age was a factor in the termination of the contract between FBMICA and Force, Inc. (Dkt. No. 16, ¶ 11). Mr. Force also denies this and maintains that he was terminated for his age (Dkt. No. 24, ¶ 11). Further, SCFB contends that Mr. Force has no evidence that SCFB had any role in the termination of his contract (Dkt. No. 12, ¶ 10). Mr. Force denies this and claims

4

that FBMICA and SCFB were joint employers who investigated and terminated him for his age (Dkt. No. 20, ¶ 10).

### III. Legal Standard

Summary judgment is proper if the evidence, when viewed in the light most favorable to the nonmoving party, shows that there is no genuine issue of material fact and that the moving party is entitled to entry of judgment as a matter of law. Fed. R. Civ. P. 56; *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). A factual dispute is genuine if the evidence could cause a reasonable fact finder to return a verdict for either party. *Miner v. Local 373*, 513 F.3d 854, 860 (8th Cir. 2008). "The mere existence of a factual dispute is insufficient alone to bar summary judgment; rather, the dispute must be outcome determinative under the prevailing law." *Holloway v. Pigman*, 884 F.2d 365, 366 (8th Cir. 1989). However, parties opposing a summary judgment motion may not rest merely upon the allegations in their pleadings. *Buford v. Tremayne*, 747 F.2d 445, 447 (8th Cir. 1984). The initial burden is on the moving party to demonstrate the absence of a genuine issue of material fact. *Celotex Corp.*, 477 U.S. at 323. The burden then shifts to the nonmoving party to establish that there is a genuine issue to be determined at trial. *Prudential Ins. Co. v. Hinkel*, 121 F.3d 364, 366 (8th Cir. 2008). "The evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986).

### IV. Analysis

"To establish age discrimination, a plaintiff must prove by the preponderance of the evidence that age was the but-for cause of the employment decision." *Hilde v. City of Eveleth*, 777 F.3d 998, 1003 (8th Cir. 2015). Mr. Force does not allege direct evidence of age

discrimination; his claims are analyzed under the familiar burden-shifting test in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973).

To establish a *prima facie* case under the ADEA, a plaintiff must show that he: (1) was at least 40 years old, (2) suffered an adverse employment action, (3) was meeting his employer's legitimate expectations at the time of the adverse employment action, and (4) that age was a factor in the employer's adverse employment decision. *Gibson v. Am. Greetings Corp.*, 670 F.3d 844, 856 (8th Cir. 2012) (quoting *Morgan v. A.G. Edwards & Sons, Inc.*, 486 F.3d 1034, 1039 (8th Cir. 2007)); *see also Starkey v. Amber Enterprises, Inc.*, 987 F.3d 758, 763–64 (8th Cir. 2021).

If the plaintiff establishes a *prima facie* case, the burden shifts to the employer to articulate a legitimate, nondiscriminatory reason for the adverse employment action. *Id.* If the employer proffers such a reason, the burden shifts back to the plaintiff to show that the proffered "reason was mere pretext for discrimination" and that "age was the 'but-for' cause of the challenged adverse employment action." *Gibson*, 670 F.3d at 856 (quoting *Haigh v. Gelita USA, Inc.*, 632 F.3d 464, 468 (8th Cir. 2011)).

To resolve the pending motions, the Court assumes without deciding that Mr. Force is a proper plaintiff, and the parties do not dispute that Mr. Force is over the age of 40. Based on the undisputed record evidence, all parties agree that Force, Inc.'s independent contractor agency manager contract with FBMICA was terminated by FBMICA in May 2019 (Dkt. Nos. 20, ¶ 8; 24, ¶ 7). To resolve the pending motions, the Court assumes without deciding that FBMICA's termination of Force, Inc.'s independent contractor agency manager contract in May 2019 was an adverse employment action as to Mr. Force. The Court also assumes without deciding that FBMICA and SCFB are proper defendants for Mr. Force's ADEA claims.

All parties agree that, before FBMICA terminated Force, Inc.'s contract with FBMICA, Mr. Force was investigated for misconduct (Dkt. Nos. 20, ¶ 9; 24, ¶ 8). All parties agree that, after the initial investigation of Mr. Force by FBMICA, FBMICA received additional information related to misconduct by Mr. Force (Dkt. No. 24, ¶ 9; *see also* Dkt. No. 20, ¶ 10). This record evidence, even with all reasonable inferences drawn in favor of Mr. Force, demonstrates that Mr. Force was not meeting legitimate employment expectations at the time the contract was terminated in May 2019. As a result, Mr. Force fails to establish a *prima facie* ADEA claim.

Mr. Force attempts to take issue with these undisputed facts by claiming that, in February 2019, he was "cleared" and told "not to worry about it" (Dkt. No. 23, at 7). However, even Mr. Force acknowledges that later, after he claims he was told this, FBMICA received through SCFB Board President Lynn Strang additional information related to misconduct by Mr. Force "that led to Plaintiff's termination," according to Mr. Force (*Id.*). The record evidence based upon Mr. Force's own deposition testimony is that, after the initial investigation of Mr. Force, he took an online course regarding harassment, passed the online course, submitted evidence of that sometime in February 2019, and believed the issues to be resolved (Dkt. No. 12-2, at 11-12). After that occurred, in or about April 2019, additional allegations of harassment against Mr. Force came about (*Id.*, at 12-18). The contract was terminated in May 2019 (*Id.,* at 11-12).

Even if Mr. Force could establish a *prima facie* ADEA claim, FBMICA and SCFB articulate a legitimate, nondiscriminatory reason for terminating the contract in May 2019: Mr. Force's misconduct (Dkt. No. 14-1, ¶¶ 4, 6). "[T]he defendant's explanation of its legitimate reasons must be clear and reasonably specific." *Tex. Dep't of Cmty. Affs. v. Burdine*, 450 U.S. 248, 258 (1981). However, this burden is "not onerous" and does not require proof by a preponderance of the evidence. *Canning v. Creighton Univ.*, 995 F.3d 603, 611 (8th Cir. 2021).

This shifts the burden to Mr. Force to establish that the reasons given are pretextual and that age was the real, but-for reason for the termination of the contract in May 2019. *Kohrt v. MidAm. Energy Co.*, 364 F.3d 894, 897 (8th Cir. 2004). "Under the ADEA at the pretext stage, 'proof that the explanation is false is necessary. . . .'" *Tramp v. Associated Underwriters, Inc.*, 768 F.3d 793, 804 (8th Cir. 2014) (quoting *Tusing v. De Moines Indep. Cmty. Sch. Dist.*, 639 F.3d 507, 516 (8th Cir. 2011)). Further, proof alone is insufficient. *Id.* "[T]he plaintiff must [also] show. . . that age discrimination was the real reason." *Id.* (first alteration in original) (quoting *Tusing*, 639 F.3d at 516).

Because "[t]he burden to prove pretext 'merges with the ultimate burden of persuading the court that [Mr. Force was] the victim of intentional discrimination,'" *Smith v. URS Corp.*, 803 F.3d 964, 968 (8th Cir. 2015) (quoting *Torgerson*, 643 F.3d at 1046), the plaintiff "must do more than simply create a factual dispute as to the issue of pretext; he must offer sufficient evidence for a reasonable trier of fact to infer discrimination," *Mathews v. Trilogy Commc'ns, Inc.*, 143 F.3d 1160, 1165 (8th Cir. 1998). "The ultimate question is whether the employer intentionally discriminated. . . ." *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 146 (2000). Thus, Mr. Force's age must have been "the factor that made a difference" as to whether or not the contract was terminated. *Tramp*, 768 F.3d at 801.

To resolve the pending motions, the Court examines all of Mr. Force's allegations regarding intentional age discrimination and the record evidence upon which he purports to rely. As support for his *prima facie* case, Mr. Force contends that, when defendants terminated the contract, they did not provide the actual basis for his termination; that two employees told Mr. Force they believed his termination was wrong; and that this was the third time an older ADEA-protected officer manager of SCFB had been terminated in this way (Dkt. No. 19, at 7). Further,

8

Mr. Force maintains that, after working for defendants for many years, Mr. Force was repeatedly asked how old he was and when he was going to resign, including especially by SCFB Board President Lynn Strang, and that Mr. Force made the SCFB Board President aware of Mr. Force's financial plans regarding his progression with the company and the cost of keeping him on at his age (*Id.*).

To establish pretext, Mr. Force claims that defendants' stated reason – that Mr. Force engaged in company policy violations – is pretextual as these policy violations were regarding the same exact type of issue that occurred with two prior people in Mr. Force's exact same position (Dkt. No. 19, at 22). Mr. Force then argues that, when defendants terminated the contract, defendants did not provide the actual basis for the termination and had already cleared Mr. Force of the policy violations (*Id.*). In addition, he argues that two employees of defendant told Mr. Force that they believed his termination was wrong (*Id.*). These allegations, in the light of the record evidence with all reasonable inferences construed in Mr. Force's favor, do not carry Mr. Force's burden at this stage to establish pretext and to create a submissible case.

Mr. Force fails to explain how not providing to him a basis for the contract termination, as he alleges occurred, establishes age discrimination. The Court declines to find pretext based on this allegation.

With respect to the reason offered by defendants in this litigation for terminating the contract, although "a plaintiff may establish pretext by showing that the employer did not truly believe the employee engaged in the conduct justifying termination," if the employer's proffered reason was "truly. . . the reason for the plaintiff's termination," the Court will not "decide whether [that] reason was wise, fair, or even correct." *Main v. Ozark Health, Inc.*, 959 F.3d 319, 325 (8th Cir. 2020) (quoting *Wilking v. Cty. of Ramsey*, 153 F.3d 869, 873 (8th Cir.

1998)).  "[F]ederal courts do not sit as a super-personnel department that reexamines an entity's business decisions.  Rather, our inquiry is limited to whether the employer gave an honest explanation of its behavior." *Wilking*, 153 F.3d at 873.  For the reasons explained, Mr. Force has not demonstrated that the reason offered by defendants in this litigation for terminating the contract was false.

An "employee may demonstrate pretext by showing that 'it was not the employer's policy or practice to respond to such problems in the way it responded in the plaintiff's case.'" *Ridout v. JBS USA, LLC*, 716 F.3d 1079, 1084 (8th Cir. 2013) (quoting *Erickson v. Farmland Indus., Inc.*, 271 F.3d 718, 727 (8th Cir. 2001)).  To the extent that Mr. Force attempts to establish pretext using the similarly situated employee inquiry, for the following reasons, he fails to do so.

Mr. Force claims in support of his *prima facie* case that it was the third time an older ADEA-protected officer manager of SCFB had been terminated in this way (Dkt. No. 19, at 7). These allegations fail to establish pretext because:  (1) the record evidence is insufficient to assess the circumstances surrounding those employees' terminations; (2) the few facts actually in the record do not show that the other employees were similarly situated to Mr. Force; and (3) discrimination against the other employees is irrelevant to Mr. Force's claim.  *See Starkey v. Amber Enterprises, Inc.*, 987 F.3d 758, 764 (8th Cir. 2021) (examining and rejecting similar allegations). If through this reference Mr. Force intends to rely on John Galligan and Billy Joe Moody, those two individuals chose to resign when asked to do so, based upon Mr. Force's deposition testimony (Dkt. No. 12-2, at 32- 33).  Further, at least one or both of those individuals also may have been the subject of misconduct allegations according to Mr. Force, but there is no information in the record about the type or nature of those allegations (*Id.*).

To the extent Mr. Force relies upon other employees outside of the protected group who were similarly situated to Mr. Force but treated differently, such an inquiry requires Mr. Force to establish that those other employees were similarly situated to Mr. Force in all relevant respects. *Ridout v. JBS USA, LLC*, 716 F.3d 1079, 1085 (8th Cir. 2013).  The comparators must have had violations of "comparable seriousness."  *Id.* (emphasis omitted) (quotation omitted).  "The comparators 'must have dealt with the same supervisor, have been subject to the same standards, and engaged in the same conduct without any mitigating or distinguishing circumstances.'" *Ebersole v. Novo Nordisk, Inc.*, 758 F.3d 917, 925 (8th Cir. 2014) (quoting *Burton v. Ark. Sec'y of State*, 737 F.3d 1219, 1230 (8th Cir. 2013)).  Here, Mr. Force has not provided any record evidence of other individuals similarly situated in all respects but who were treated differently to prove that age motivated the challenged act.

Further, Mr. Force maintains that, after working for defendants for many years, Mr. Force was repeatedly asked how old he was and when he was going to resign, including especially by SCFB Board President Lynn Strang.  Evidence demonstrating discriminatory animus in the decisional process needs to be distinguished from "stray remarks in the workplace, statements by nondecisionmakers, or statements by decisionmakers unrelated to the decisional process." *Fast v. Southern Union Co.,* 149 F.3d 885, 890 (8th Cir.1998).  Stray remarks "are not sufficient to establish a claim of discrimination." *Clearwater v. Indep. Sch. Dist. No. 166*, 231 F.3d 1122, 1126 (8th Cir. 2000).  The comments about which Mr. Force testified are stray remarks.  Mr. Force does not allege or establish through record evidence that such statements were made by decisionmakers related to the decisional process.

All of these allegations upon which Mr. Force relies, in the light of the record evidence with all reasonable inferences construed in Mr. Force's favor, do not carry Mr. Force's burden to

create a submissible case. FBMICA and SCFB are entitled to summary judgment in their favor on Mr. Force's ADEA claims.

### V.     Conclusion

For purposes of resolving these motions only, the Court assumes without deciding that Mr. Force is an appropriate plaintiff to bring an ADEA claim and that FBMICA and SCFB are appropriate defendants under the ADEA against whom Mr. Force may bring such claims. Assuming without deciding that Mr. Force may bring ADEA claims against FBMICA and SCFB, FBMICA and SCFB are entitled to summary judgment on Mr. Force's ADEA claims based on the record evidence before the Court, even with all reasonable inferences drawn in favor of Mr. Force. The Court grants the motions filed by FBMICA and SCFB (Dkt. Nos. 10; 14).

Dated this 17th day of September, 2021.

_____
Kristine G. Baker
United States District Judge